### LYNCH v LYNCH

Ohio Appeals, 1st Dist, Butler Co.

No. 784. Decided April 24, 1940

Mark L. Brown, Hamilton, for appellee.

Clinton Egbert, Hamilton, for appellant.

### OPINION

BY THE COURT:

This case is submitted on a motion to dismiss the appeal and on the merits; the Court taking both questions under advisement.

The record discloses that the plaintiff, Lulu Lynch was granted a divorce and alimony because of the aggression of the husband, the defendant, William Lynch. The decree was granted and entered on September 20th, 1939. The record does not disclose any motion for a new trial.

Several processes were issued, endeavoring to force the payment of alimony by the husband.

On October 26th, the defendant filed the following motion:

"Now comes the defendant in the above entitled cause and moves the court that the decree heretofore entered in this case be modified in regard to payment of permanent alimony for the care and support of the minor child for the reason that there is no legal obligation on the part of the defendant for the support of said child."

It will be noted that the form of the motion suggests a modification, but, in effect it is nothing more than a motion for a new trial. This motion was filed more than a month after the entering of the judgment, and could in no wise be considered as a motion for a new trial to the original judgment. If it should be considered as a motion to modify the judgment, over which the trial court has ambulatory control, there is no bill of exceptions to show

what transpired at the hearing on the motion. The trial court overruled the motion on December 21st, 1939.

We are of opinion that the motion amounts to a motion for a new trial, which would require filing within three days after the entering of the judgment, on the 20th day of September, 1939. Therefore, the motion could not toll the running of the statute, requiring the same to be filed within three days from the entering of ▐ the judgment, and is ineffective on which to base an appeal.

The motion to dismiss the appeal should, therefore, be sustained.

Appellant filed the following assignment of errors.

"Appellant says that there is error prejudicial to his substantial rights manifest on the records of said cause to which appellant at the time excepted in the following particulars, to-wit:

1. Said court of Common Pleas erred in overruling appellant's motion to set aside the judgment rendered.

2. Said Common Pleas Court erred in ordering appellant to pay appellee any money for the support of Donald McDonald.

3. Said Court of Common Pleas erred in making the order affecting Donald McDonald for the reason that Donald McDonald is not a party to the suit.

4. The Common Pleas Court was without jurisdiction to render the judgment that was rendered by said court in this action."

It will be observed that the appellant bases his appeal on the judgment of September 20th, 1939, granting the divorce and alimony, and in effect seeks a review of that judgment. This being true, the notice of appeal, which ▐ was filed December 21st, 1939, some three months after the entering of the judgment, is ineffective.

If it should be found that the appeal is from the judgment overruling the motion and the motion should be considered as a motion to modify, this

court could grant no relief in the absence of a bill of exceptions, showing what transpired at the hearing on that motion, and the judgment would have to be affirmed on that ground.

We find that the appeal was not filed in time, and the motion to dismiss the appeal is sustained.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.